■ In the Matter of NEIL M. SISKIND, Respondent, v COURTNEY A. SCHAEL, Appellant. ROBERTA NANCY KAUFMAN, Nonparty Respondent. [879 NYS2d 504]—

In a child custody proceeding pursuant to Family Court article 6, the mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Nassau County (Foskey, J.), dated December 31, 2007, as denied her motion to obtain a refund of all fees paid by her to the attorney for the child, and denied her cross motion to recover from the father fees paid to her attorney, the attorney for the child, and forensic evaluators, and (2) so much of an order of the same court dated February 14, 2008, as found her responsible for 50% of the fee of the attorney for the child and directed her to pay the remaining balance of the fee.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the petitioner-respondent and the nonparty respondent.

On the instant appeals stemming from a highly-contested custody dispute, the mother contends that the attorney for the child may not collect any fees, and must return fees already paid to her. According to the mother, the attorney for the child was removed from further representing the child by order of the Family Court, Nassau County (Phillips, Ct. Atty. Ref.), dated November 19, 2006, upon the ground that she showed bias in favor of the father and against her. However, under the particular facts of this case, we find that the attorney for the child is entitled to fair and reasonable compensation for the period of her representation.

Further, we will not disturb the Family Court's determination that the mother is responsible for 50% of the fees of the attorney for the child, as computed by the court and set forth in the order dated February 14, 2008. The mother's repeated refusal to pay her share of these fees will not be countenanced (see Matter of Siskind v Schael, 33 AD3d 806 [2006]), especially where, as here, her own acrimonious conduct and the parties' charted course contributed to protracted litigation.

Similarly, the mother should not be relieved of her obligation to pay 50% of the forensic evaluators' fees. The Family Court properly determined, prior to trial, that it was appropriate for the parties to continue to equally share those fees, and the mother failed to demonstrate a sufficient basis for altering that determination.

The mother's remaining contentions are without merit. Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.

---

Motion by the nonparty respondent on appeals from two orders of the Family Court, Nassau County, dated December 31, 2007, and February 14, 2008, respectively, inter alia, (1) to dismiss the appeal from the order dated February 14, 2008, on the ground that it has been rendered academic by an order of the same court dated July 1, 2008, and (2) to strike stated portions of the appellant's brief on the ground that it refers to matter dehors the record and raises issues not properly before the Court. By decision and order on motion of this Court dated August 8, 2008, those branches of the motion were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition and in relation thereto, and upon the submission of the appeals, it is

Ordered that those branches of the motion which were (1) to dismiss the appeal from the order dated February 14, 2008, on the ground that it has been rendered academic by an order of the same court dated July 1, 2008, and (2) to strike stated portions of the appellant's brief on the ground that it refers to matter dehors the record and raises issues not properly before the Court are denied. Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.